**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED,<br><br>          Petitioner,<br><br>   v.<br><br>BLOCKQUARRY CORP., F/K/A ISW HOLDINGS, INC.,<br><br>          Respondent. | Case No. 4:25-cv-02540<br><br>**BITMAIN'S CASE MANAGEMENT STATEMENT IN ADVANCE OF OCTOBER 10, 2025 STATUS CONFERENCE**<br><br>Magistrate Judge Yvonne Y. Ho<br><br>Conference Date: October 10, 2025<br>Time: 10:30 a.m. |

<u>**BITMAIN'S CASE MANAGEMENT STATEMENT IN ADVANCE OF OCTOBER 10, 2025 STATUS CONFERENCE**</u>

Pursuant to the Court's June 6, 2025 order, Petitioner Bitmain Technologies Georgia Limited ("Bitmain") submits this Case Management Statement in advance of the status conference scheduled for October 10, 2025, at 10:30 a.m. before Magistrate Judge Yvonne Y. Ho. In this action, Bitmain seeks confirmation of a final arbitration award issued on December 16, 2024 ("the Arbitration Award"), against Respondent BlockQuarry Corp., formerly known as ISW Holdings, Inc. ("BlockQuarry"). Bitmain filed its Petition to Confirm Arbitration Award and supporting documents on June 2, 2025 (the "Petition"). BlockQuarry's response was due on June 24, 2025; to date, BlockQuarry has not filed any opposition to Bitmain's Petition nor sought to vacate, modify, or correct the Arbitration Award.

Accordingly, Bitmain respectfully requests that at the October 10, 2025 status conference the Court grant its unopposed Petition and enter judgment in conformity with the Arbitration Award. Bitmain filed a proposed order granting the Petition and a proposed judgment on June 2,

2025.  Alternatively, Bitmain requests that the Court set the Petition for hearing at the earliest available date.

To Bitmain's knowledge, BlockQuarry is not represented by counsel in this action. Bitmain has contacted BlockQuarry's principal and known legal counsel in another matter to obtain its formal position for inclusion in this statement, but received no response as of the date of this filing.

In accordance with the Court's June 6, 2025 order, which requests the parties to provide information pursuant to the instructions in the Court's template Joint Discovery/Case Management Plan Under Rule 26(f), Bitmain's responses are set forth below.

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Not applicable, as this action is limited to the confirmation of an arbitration award.  To Bitmain's knowledge, BlockQuarry is not currently represented by counsel in this action.  On September 23, 2025, Bitmain emailed BlockQuarry's principal and its known legal counsel in another matter to discuss this case management statement.  As of the date of this filing, BlockQuarry has not responded.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3. **Briefly describe what the case is about.**

On March 25, 2024, Bitmain filed a Demand for Arbitration against BlockQuarry with the American Arbitration Association, Case Number 01-24-0003-3254, asserting claims for breach of contract, conversion, trespass to chattels, negligence, and gross negligence.  On December 16, 2024, the single arbitrator, Hon. Patricia J. Kerrigan (Ret.), issued the Arbitration Award.  The

Arbitration Award granted Bitmain's claims for breach of contract, conversion, and trespass to chattels and denied BlockQuarry's counterclaims for breach of contract and unjust enrichment. The Arbitration Award ordered BlockQuarry to pay Bitmain damages of $10,458,303.10.

Bitmain filed its Petition on June 2, 2025. On June 3, 2025, Bitmain served BlockQuarry with the summons and Petition through its registered agent in Nevada. BlockQuarry did not file a timely response or opposition, and on July 9, 2025, Bitmain filed a Notice of Non-Opposition, requesting the Court to grant its Petition and enter judgment in conformity with the Arbitration Award.

    4.    **Specify the allegation of federal jurisdiction.**

This Court has subject-matter jurisdiction over this Petition, pursuant to 28 U.S.C. § 1332, to grant relief under the Federal Arbitration Act because there is complete diversity of citizenship between Bitmain and BlockQuarry and the amount in controversy exceeds $75,000.00.

Bitmain is a company incorporated in Georgia and maintains its principal place of business in Beijing, People's Republic of China. Bitmain is a citizen of Georgia and China. BlockQuarry is a Nevada corporation and maintains its principal place of business in Houston, Texas. BlockQuarry is a citizen of Nevada and Texas.

    5.    **Name the parties who disagree and the reasons.**

None to Bitmain's knowledge.

    6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None to Bitmain's knowledge.

    7.    **List anticipated interventions.**

None to Bitmain's knowledge.

8.      **Describe class-action issues.**

None to Bitmain's knowledge.

9.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Not applicable because this action is limited to a petition to confirm an arbitration award.

10.     **Describe the proposed agreed discovery plan, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**
   B.   **When and to whom the plaintiff anticipates it may send interrogatories.**
   C.   **When and to whom the defendant anticipates it may send interrogatories.**
   D.   **Of whom and by when the plaintiff anticipates taking oral depositions.**
   E.   **Of whom and by when the defendant anticipates taking oral depositions.**
   F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
   G.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
   H.   **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable.

11.     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Not applicable.

13.     **State the date the planned discovery can be reasonably completed.**

Not applicable.

14.     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Not applicable.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Not applicable.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Not applicable.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Not applicable.

18. **State whether a jury demand has been made and if was made on time.**

Not applicable.

19. **Specify the number of hours it will take to present the evidence in this case.**

Not applicable.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Bitmain's unopposed Petition.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Bitmain filed its Disclosure of Interested Parties on June 20, 2025 (ECF 17).

24.    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Bitmain:

>    Marc Feinstein (*Attorney-in-charge*) (admitted *pro hac vice*) (California Bar #158901)
>>    O'MELVENY & MYERS LLP
>>    400 South Hope Street, Suite 1900
>>    Los Angeles, CA  90071
>>    Telephone: (213) 430-7274

>    Sherin Parikh (admitted *pro hac vice*) (California Bar #301890)
>>    O'MELVENY & MYERS LLP
>>    400 South Hope Street, Suite 1900
>>    Los Angeles, CA  90071
>>    Telephone: (213) 430-6145

>    Scott Drake (Texas Bar #24026812)
>>    O'MELVENY & MYERS LLP
>>    2801 North Harwood Street
>>    Suite 1600
>>    Dallas, TX 75201-2692
>>    Telephone: (972) 360-1915

BlockQuarry Representatives:

>    To Bitmain's knowledge, BlockQuarry is not represented by counsel in this matter.

>    BlockQuarry's CEO and Principal, Greg Boehmer, can be reached at:
>    Email: gboehmer@blockquarrycorp.com
>    Telephone: (240) 593-7616

Dated:  September 30, 2025          Respectfully submitted,
Los Angeles, CA

/s/ Marc Feinstein
Marc Feinstein (admitted *pro hac vice*) (California Bar #158901)
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA  90071
Telephone:     (213) 430-7274
Facsimile:     (213) 430-6407
E-mail:        mfeinstein@omm.com

*Attorney-in-charge*

*Attorneys for Petitioner Bitmain Technologies Georgia Limited*