United States District Court
Southern District of Texas
**ENTERED**
November 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Bitmain Technologies Georgia Limited, | § § § § | |
| *Petitioner*, | § § | Civil Action No. 4:25-cv-02540 |
| v. | § § § | |
| Blockquarry Corp., f/k/a ISW Holdings, Inc., | § § § § | |
| *Respondent*. | § | |

## **MEMORANDUM AND RECOMMENDATION**

On June 2, 2025, Petitioner Bitmain Technologies Georgia Limited filed a petition to confirm a December 16, 2024 arbitration award issued in its favor and against Respondent BlockQuarry Corp., f/k/a ISW Holdings, Inc. Dkt. 1; *see also* Dkt. 2 (memorandum). BlockQuarry, despite being served, Dkt. 8, has failed to respond or otherwise appear. After carefully reviewing the petition, the record, and the applicable law, it is recommended that the petition be granted and that final judgment be entered in Bitmain's favor.

### **Background**

In September 2022, the parties executed a contract under which BlockQuarry agreed to host, operate, and maintain Bitmain's Bitcoin miners at a data facility in South Carolina. Dkt. 2-1 at 1 (counsel's declaration); *id.* at

4 (the contract). The contract mandated that "[a]ll disputes arising under this Agreement ... be submitted to arbitration in Houston, Texas before a single arbitrator of the American Arbitration Association ("AAA")." *Id.* at 22 ¶ 15.4.

When disputes arose, Bitmain filed an arbitration demand against BlockQuarry with the AAA, asserting breach-of-contract, conversion, trespass to chattels, negligence, and gross negligence claims. *Id.* at 2. BlockQuarry counterclaimed for breach of contract and unjust enrichment. *Id.*

On December 16, 2024, the arbitrator issued a "Final Award" rejecting BlockQuarry's counterclaims and finding BlockQuarry liable to Bitmain for breach of contract, conversion, and trespass to chattels. *Id.* at 33, 36. The Final Award concluded that Bitmain should recover $10,458,303.10 in damages, pre-judgment interest at a rate of 7% per annum (which totaled $831,005.22 as of November 30, 2024), and $4,795.00 in arbitration fees and expenses. *Id.* at 33-37.

The Final Award directed BlockQuarry to pay the specified sums within 30 days, i.e., by January 15, 2025. *Id.* at 37. But BlockQuarry did not pay the amounts due. *See* Dkt. 2-1 at 2. Nor has it served Bitmain with notice of any motion to vacate, modify, or correct the Final Award. *Id.*

On June 2, 2025, Bitmain filed its petition to confirm the Final Award. Dkt. 1. Bitmain's proof of service reflects that BlockQuarry was served on June

3, 2025 through its registered agent. Dkt. 8. But BlockQuarry has not appeared or otherwise responded to the petition.

## Legal standard

The Federal Arbitration Act ("FAA") "empowers courts to confirm or enforce arbitration awards." *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 276 (5th Cir. 2025). The FAA states: "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

## Analysis

Bitmain seeks to confirm the Final Award under 9 U.S.C. § 9. BlockQuarry has not responded. Because Bitmain has satisfied the statutory requirements, this Court should grant Bitmain's requested relief.

First, Bitmain timely filed its request to confirm the award. The FAA provides a one-year deadline for seeking confirmation, which runs from the date of the arbitration award. 9 U.S.C. § 9. Bitmain satisfied that requirement by filing its petition on June 2, 2025, Dkt. 1, less than a year after the December 16, 2024 Final Award, Dkt. 2-1 at 37.

Second, BlockQuarry has not asserted, nor does the record reflect, any basis for vacating or modifying the Final Award, whether under 9 U.S.C. § 10,

§ 11, or any other recognized ground. Indeed, "only in very unusual circumstances" can a court vacate an arbitrator's decision. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). As the Fifth Circuit has emphasized, "judicial review of an arbitration award is extraordinarily narrow, and [the court's] review is exceedingly deferential to the arbitration panel's decision ...." *U.S. Trinity Energy Servs., L.L.C. v. Se. Directional Drilling, L.L.C.*, 135 F.4th 303, 307 (5th Cir. 2025) (citation and quotations omitted). Moreover, BlockQuarry's deadline to seek vacatur or modification expired even before this suit was filed. *See* 9 U.S.C. § 12 (three-month deadline to serve notice of a motion to vacate or modify an arbitration award); *see also Imperial Indus. Supply Co. v. Thomas*, 825 F. App'x 204, 207 (5th Cir. 2020) (noting this three-month limitations period). There is no basis to alter or vacate the Final Award. Accordingly, this Court should confirm the Final Award.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Petitioner Bitmain Technologies Georgia Limited's Petition to Confirm Arbitration Award (Dkt. 1) be **GRANTED**, that the December 16, 2024 Final Award (Dkt. 2-1 at 33-37) be **CONFIRMED**, and that a separate final judgment be entered stating that Petitioner shall recover the following relief against Respondent BlockQuarry Corp., f/k/a ISW Holdings, Inc.:

- $10,458,303.10 in damages;

- $831,005.22 in pre-judgment interest through November 30, 2024;

- a further sum of pre-judgment interest from December 1, 2024 through the date of the final judgment, equal to $2,005.70 per day (i.e., 7% per annum);

- $4,795.00 in arbitration fees and expenses; and

- post-judgment interest at the Court's specified rate (currently 3.66%).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 6, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge